IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mary Alexander, on behalf of ) <br> Estate of Donnell Alexander, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Michael J. Astrue, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ | Civil Action No. 8:08-3753-HFF-BHH <br><br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Mary Alexander, on behalf of the Estate of Donnell Alexander, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration regarding Donnell Alexander's claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

## RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS

Donnell Alexander was 50 years old on the alleged onset date and 52 years old on the date of the ALJ's decision. (R. at 25, 58-59, 116, 121.) He alleged he had been disabled since August 31, 2005 (R. at 116) due to pain in his neck, shoulders, hips and legs. (R. at 151-52, 183.) Mr. Alexander had a limited education, completed the tenth grade (R. at 25, 157), and had past relevant work as a bleaching assistant, roller man, warehouse handler and floor cleaner. (R. at 46.)

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

Mr. Alexander died on July 11, 2008, due to intracranial hemorrhage, hypertension and cocaine use. (R. at 105-29.) His wife, Mary Alexander, was then substituted for him in his claim for disability insurance benefits and is the plaintiff in this matter.

Mr. Alexander applied for disability insurance benefits on January 23, 2006. His application was denied initially and upon reconsideration. (R. at 58-59, 66-70, 72-74.) He requested a hearing before an Administrative Law Judge (ALJ) (R. at 76), which was held on January 22, 2008, and attended by himself, his attorney, and a vocational expert (R. at 22-57). The ALJ issued a decision on April 7, 2008, finding that Mr. Alexander was not under a disability as defined by the Act. (R. at 5-17.) Alexander requested a review of the ALJ's decision (R. at 114-15), but died prior to the denial and his wife was substituted. The Appeals Council denied the plaintiff's request for review of the hearing decision on September 10, 2008 (R. at 1-4), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (R. at 5-8.)

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since August 31, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1471, *et seq*.).

3. The claimant has the following severe impairment: Osteoarthritis of hips and cervical degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in the Regulations with the following restrictions: can sit for at least 6 hours in a 8 hour workday; can bend, and stoop no more than occasionally; can walk short distances using a cane for ambulation; and must avoid climbing ladders, scaffolds, and ropes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 4, 1955 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

2

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant was not under a disability,"as defined in the Social Security Act, from August 31, 2005 through the date of this decision (20 CFR 404.1520(g).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

3

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the

4

Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The plaintiff contends that the ALJ erred in failing to find her husband disabled. Only one assignment of error is made. The plaintiff summarily contends that her husband was limited to sedentary work and, therefore, the ALJ's determination that he could perform light work is in error and the vocational expert's identification of three light work jobs is not substantial evidence upon which the ALJ could rely.

As an initial matter, the plaintiff has not made any real effort to support her contention. In a single page of argument, the plaintiff makes no citation to the record or any relevant legal authority demonstrating how her husband should have been considered limited to light work. She simply proclaims it. The ALJ, in contrast, explained his residual functional capacity ("RFC") assessment over four pages, considering the plaintiff's husband's subjective testimony, records of treating physicians, objective medical evidence, and the opinions of state agency medical consultants. (R. at 12-15.) To this analysis and discussion, the plaintiff makes no response or criticism. She has not challenged any portion of the ALJ's consideration of the evidence or the conclusions drawn. On this basis alone, the plaintiff has failed to meet her burden to demonstrate that the ALJ's decision was somehow not based on substantial evidence.

The Court would make the following additional brief remarks. The Regulations define "light work" as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or

5

> wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b). As stated, the ALJ provided a fairly thorough explanation of his determination that Mr. Alexander could perform light work. The following is a summary of some, but not all, of the evidence relied upon by the ALJ. The ALJ found strong evidence that Mr. Alexander performed medium to heavy work after his alleged onset date. (R. at 13.) The ALJ also considered the findings of Mr. Alexander's treating physician, Dr. James Timmons, whose records evidenced numerous clinical findings, regarding Mr. Alexander's lower extremities, which were within a normal range. (R. at 10-11, 14-15, 247-48, 252-53, 258-61, 281). The ALJ found that the objective medical evidence did not support the plaintiff's subjective complaints and was inconsistent with the degree of symptomology and limitation that Mr. Alexander alleged. (R. at 14, 247-48, 252-53, 257, 259-61.) Lastly, the ALJ considered the findings of Dr. Edward Stahl, a State agency physician and the only physician of record to assign any specific functional limitations to Mr. Alexander. (R. at 15.) In June 2006, Dr. Stahl found that Mr. Alexander could perform light work, including occasionally lifting up to 20 pounds, frequently lifting up to ten pounds, standing/walking for about six hours in an eight-hour workday, sitting for six hours in an eight-hour workday, and pushing or pulling within his lifting capacity. He found that Mr. Alexander could never climb ladders/ropes/scaffolds and occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. (R. at 262-69.)

This unrebutted evidence is substantial and properly formed a foundation for the ALJ's conclusion that the plaintiff could perform the standing demands of the light work jobs recommended by the vocational expert ("VE"). The record evidences that standing and other limitations were given to the VE for consideration and that it was expressly clarified by the VE, at the ALJ's inquiry, that the plaintiff could still perform the recommended light work. (R. at 47-53.) The fact that the plaintiff may have some evidence to the contrary is

of no moment. *See Blalock*, 483 F.2d at 775. As recited, the ALJ had substantial evidence to conclude as he did and the Court will not disturb his decision.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED

s/Bruce Howe Hendricks
United States Magistrate Judge

January 6, 2010
Greenville, South Carolina